**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Farmers Insurance Exchange, a foreign insurer, ) ) | No. CV-07-65-PHX-DGC |
| Plaintiff, ) ) ) | |
| vs. ) ) | **ORDER** |
| Tri City Auto Sales, Inc. d/b/a All Mustang, an Arizona corporation; Lillian Anaya and Mel Anaya, ) ) ) ) ) | |
| Defendants. ) ) | |

Pending before the Court is a motion to dismiss filed by Defendants Lillian and Mel Anaya pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Dkt. #10. Defendants seek dismissal of the claims against them on the ground that the Court lacks personal jurisdiction over them. Plaintiff has filed a response to the motion and the Defendants have filed a reply. Dkt. #11, 13. For the reasons set forth below, the Court will grant the motion.

**I.    Background.**

This declaratory judgment action arises out of a diversity action in the District Court for the District of New Mexico. The Anayas are New Mexico residents. Dkt #7 at 2. Tri City Auto Sales, Inc. d/b/a All Mustang ("All Mustang") is an Arizona corporation with its principal place of business in Arizona. *Id.* All Mustang is insured by Plaintiff Farmers Insurance Exchange. *Id.*

1   The facts of the New Mexico lawsuit are unusual.  The Anayas allege that All
2   Mustang and others committed fraud, defamation, and other acts in connection with the
3   alleged purchase of a Ford Mustang.  *Id.* at 7.  In early May of 2002, in the normal course of
4   her business responsibilities as a Procurement Assistant, Ms. Anaya attempted to order some
5   lab equipment for her employer, Los Alamos National Labs ("LANL").  *Id.* at 3.  Ms. Anaya
6   retrieved from LANL business records the telephone number for Fluid Conditioning, a
7   company based in Phoenix, Arizona.  *Id.*  Unbeknownst to Ms. Anaya, Fluid Conditioning
8   had moved locations and its telephone number and area code had changed.  The phone
9   number she called was actually that of All Mustang.  *Id.* at 4.  Ms. Anaya alleges that during
10  the telephone call and another brief contact initiated by All Mustang, All Mustang and its
11  representatives willfully and deceitfully represented to Ms. Anaya that they were Fluid
12  Conditioning.  *Id.*  Through the telephone contact, All Mustang obtained Ms. Anaya's LANL
13  purchase card information and charged over $29,000 to the account.  *Id.*

14  As a result of the purchase, Ms. Anaya was portrayed in several media outlets as
15  having used LANL funds to improperly purchase a car from All Mustang.  *Id.* at 6.  The
16  investigation conducted by LANL concluded, however, that Ms. Anaya had not attempted
17  to purchase a car with her LANL purchase card and that she was entirely innocent of the
18  accusations.  *Id.*  Ms. Anaya and her husband subsequently filed the New Mexico lawsuit
19  against All Mustang.

20  On January 30, 2007, Plaintiff filed its first amended complaint for declaratory
21  judgment in the current action to determine the terms of a commercial liability insurance
22  policy it had issued to All Mustang.  Dkt. #7.  Plaintiff names the Anayas as defendants along
23  with All Mustang, seeking a declaratory judgment that Plaintiff is not obligated to defend All
24  Mustang in the New Mexico lawsuit or to pay any part of any judgment awarding damages
25  in favor of the Anayas and against All Mustang.  *Id.* at 7-8.

26  **II.   Personal Jurisdiction Standard.**

27  Because no applicable federal statute governing personal jurisdiction exists, Arizona's
28  long-arm statute, Ariz. R. Civ. P. 4.2(a), applies to this diversity action.  *See Terracom v.*

1    *Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995).  Rule 4.2(a) "provides for personal

2    jurisdiction co-extensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross*,

3    112 F.3d 1048, 1050 (9th Cir. 1997) (citing *Batton v. Tenn. Farmers Mut. Ins. Co.*, 736 P.2d

4    2, 4 (Ariz. 1987).  Federal due process requires the defendants to have certain minimum

5    contacts with the forum state so that the exercise of personal jurisdiction does not offend

6    traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326

7    U.S. 310, 316 (1945).

8    **III.    Does the Court Have Personal Jurisdiction over the Anayas?**

9            Plaintiff does not contend that the Court has general jurisdiction over the Anayas.  The

10   Court may exercise specific jurisdiction over the Anayas only if (1) the Anayas purposefully

11   availed themselves of the privileges of conducting activities in Arizona, thereby invoking the

12   benefits and protections of its laws, (2) Plaintiff's claim arises out of the Anayas' activities

13   in Arizona, and (3) the exercise of jurisdiction over the Anayas is reasonable. *See Doe*, 112

14   F.3d 1051.  At this stage of the litigation, Plaintiff need only demonstrate facts that if true

15   would support specific jurisdiction over the Anayas.  *See Omeluk v. Langsten Slip &*

16   *Batbyggeri A/S*, 52 F.3d 267, 268 (9th Cir. 1995).

17           Plaintiff contends that Ms. Anaya purposefully availed herself of the privileges of

18   conducting activities in Arizona by ordering a product from an Arizona company.  Dkt. #11

19   at 6.  Ms. Anaya's attempt to order products from an Arizona company was made on behalf

20   of LANL in the normal course of Ms. Anaya's business responsibilities. *See* Dkt. #7 at 3.

21   The attempt consisted of one telephone call by Ms. Anaya and another brief telephone

22   contact initiated by All Mustang. *Id.* at 4.  The Ninth Circuit has made clear that use of a

23   telephone "'simply do[es] not qualify as purposeful activity invoking the benefits and

24   protection of the forum state.'" *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985)

25   (quoting *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614

26   F.2d 1247, 1254 (9th Cir. 1980)).  Ms. Anaya's limited telephone contacts with All Mustang

27   were "'attenuated contacts' insufficient in themselves to establish [the Anayas] have

28   purposefully availed themselves of the benefits and protections of [Arizona's] laws." *Gray*

1  & *Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 761 (9th Cir. 1990); *see Peterson*, 771 F.2d

2  at 1262 (holding that the defendant's telephone calls and letters to the forum state were

3  "legally insufficient to satisfy the purposeful availment prong of the [specific jurisdiction]

4  test").

5  Plaintiff has not made a prima facie showing that the Court may exercise personal

6  jurisdiction over the Anayas.  The Court accordingly will dismiss the Anayas from this

7  action. *See Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995) (stating that the

8  plaintiff bears the burden of establishing personal jurisdiction); *Peterson*, 771 F.2d at 1261

9  (stating that each of the three prongs of the specific jurisdiction test must be met to exercise

10  personal jurisdiction over a non-resident defendant).

11  **IT IS ORDERED** that Defendants Lillian and Mel Anaya's motion to dismiss for

12  lack of personal jurisdiction (Dkt. #10) is **granted**.

13  DATED this 3rd day of May, 2007.

14

15

16

17  _____
   David G. Campbell
   United States District Judge

18

19

20

21

22

23

24

25

26

27

28